UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

OXY-HEALTH, LLC

          Plaintiff,

vs.

PECHENICK, ET AL.,

          Defendants.

MISC. NO: _____

Original Action:  Civil No. 09-3796 RSWL (SHx)
Central District of California

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA ADDRESSED TO THIRD PARTY SUMMIT TO SEA, LLC**

      PLEASE TAKE NOTICE THAT third party Summit to Sea, LLC, through its undersigned counsel, will move the Court, pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) and (B) and Local Rule 7.1, to quash a subpoena issued by this Court at the direction of Oxy-Health, LLC and served upon Summit to Sea on March 26, 2010.  The subpoena was issued in connection with the captioned action which is venued in the Central District of California.  A true and correct copy of the subpoena is appended as Exhibit A to the Objections to Subpoena previously served on Oxy-Health, LLC,  and is attached hereto for the Court's convenience.

      Summit to Sea's motion is based upon this Notice of Motion and Motion to Quash, and the memorandum in support of motion and related documents to be filed pursuant to a briefing schedule to be arranged once a judge is assigned to this matter.

-2-

Dated:  April 7, 2010                              **NEATON & PUKLICH, PLLP**


   s/Michael L. Puklich
Michael L. Puklich (#250661)
7975 Stone Creek Drive, Suite 120
Chanhassen, MN  55317
Telephone:  (952) 258-8444
Email:  *mic@neatonpuklich.com*

Elizabeth L. Taylor (#108546)
5120 Emerson Avenue South
Minneapolis, MN 55419
Telephone: (612) 827-8963
Email:  etaylor345@gmail.com

Attorneys for Summit to Sea, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Oxy-Health, LLC, | Civil No. 09-3796 RSWL (SHx) |
| Plaintiff, | Central District of California |
| vs. | |
| Pechenick, et al., | **SUMMIT TO SEA'S OBJECTIONS TO SUBPOENA TO TESTIFY AND TO PRODUCE DOCUMENTS** |
| Defendant. | |

Summit to Sea, LLC ("Summit to Sea") objects pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, to the subpoena attached hereto as Exhibit "A."

Although dated March 17, 2010, the above-referenced subpoena was not served on Summit to Sea until March 26, 2010, when a copy of the subpoena was served by process server at the residence address of Summit to Sea's President, Judy McKeeman, at 1744 Avocet Lane, Mound, Minnesota 55365.

The subpoena commands that Summit to Sea produce documents and produce a person to testify as to the subject of those documents on April 8, 2010, at 10:30 a.m.

Summit to Sea objects to the subpoena in its entirety for these reasons:

1. The subpoena seeks the production of proprietary, confidential commercial information, the disclosure of which to a competitor would damage Summit to Sea. Oxy-Health, LLC ("Oxy-Health") is a competitor of Summit to Sea and Certec, the manufacturer of the hyperbaric chamber equipment distributed by Summit to Sea. Neither Summit to Sea nor Certec is a party to the underlying action, which is venued in California, and the claims alleged do not require Summit to Sea's participation or involvement. It therefore appears that the subpoena to Summit to Sea was issued for

competitive reasons and is not essential to Oxy-Health's ability to prosecute its claim against the named Defendants in the California action.

2. Even were Oxy-Health able to demonstrate that the documents or information sought are somehow relevant to its pending California action, the documents and information can be obtained from the named party Defendants in a context which better allows a judge familiar with the facts of the case to make a determination as to relevance. Under the circumstances, the subpoena imposes an undue burden and is both unreasonable and oppressive.

3. The subpoena as drafted is overly broad and seeks information and documents which are not themselves relevant to the pending action nor are they reasonably calculated to lead to the discovery of admissible evidence.

4. The potential competitive harm to Summit to Sea from having to produce the documents and information requested outweighs any potential relevance of the documents and information in the pending California litigation.

Dated: April 7, 2010

**NEATON & PUKLICH, PLLP**

Michael L. Puklich (#250661)
7975 Stone Creek Drive, Suite 120
Chanhassen, MN 55317
Telephone: (952) 258-8444
Email: mic@neatonpuklich.com

Elizabeth L. Taylor (#108546)
5120 Emerson Avenue South
Minneapolis, MN 55419
Telephone: (612) 827-8963
Email: etaylor345@gmail.com

*Attorneys for Summit to Sea, LLC*

Jennifer L. Barry
Direct Dial: (619) 238-3024
jennifer.barry@lw.com

# LATHAM&WATKINS LLP

600 West Broadway, Suite 1800
San Diego, California 92101-3375
Tel: +1.619.236.1234  Fax: +1.619.696.7419
www.lw.com

FIRM / AFFILIATE OFFICES

Abu Dhabi · Moscow
Barcelona · Munich
Beijing · New Jersey
Brussels · New York
Chicago · Orange County
Doha · Paris
Dubai · Rome
Frankfurt · San Diego
Hamburg · San Francisco
Hong Kong · Shanghai
Houston · Silicon Valley
London · Singapore
Los Angeles · Tokyo
Madrid · Washington, D.C.
Milan

March 18, 2010

**BY HAND DELIVERY**

Summit to Sea, LLC
1744 Avocet Ln.
Mound, MN 55364

File No. 031565-0014

Re:   Subpoena for Deposition and Production of Documents

Dear Sir or Madam:

Enclosed please find a Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action. We have scheduled your deposition for Thursday, April 8, 2010, but we understand that date may not be convenient for you. If that is the case, please contact me to reschedule the deposition for a different date in early April.

Please feel free to contact me if you have any questions or concerns.

Sincerely,

Jennifer L. Barry
of LATHAM & WATKINS LLP

Enclosures

cc:   Michael W. De Vries, Esq.



SD\711489.1

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | | |
|---|---|---|
| Oxy-Health, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  CV09-3796 RSWL (SHx) |
| Pechenick, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Central District of California |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Summit to Sea, LLC, 1744 Avocet Ln, Mound, MN 55364

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment 1

| Place: Esquire Solutions, 701 4th Avenue South, Suite 500, Minneapolis, MN 55415, (612) 332-4230 | Date and Time: Thursday, April 8, 2010 at 10:30 a.m. |
|---|---|

The deposition will be recorded by this method:  Stenographically and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment 2

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  03/17/2010

*CLERK OF COURT*

OR  _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Plaintiff Oxy-Health, LLC
_____ , who issues or requests this subpoena, are:
Jennifer L. Barry, Latham & Watkins LLP, 600 W. Broadway, Suite 1800, San Diego, CA 92101, (619) 236-1234, jennifer.barry@lw.com

# ATTACHMENT 1 TO SUBPOENA
# MATTERS FOR EXAMINATION

### Definitions

A. "HDI" refers to defendant California Realty Partners, Inc. d/b/a Healing Dives, Inc. and its officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

B. "PECHENICK" refers to defendant Diane Pechenick and any of her employees, agents, attorneys, accountants, investigators, consultants, or anyone else acting on her behalf.

C. "YOU" and "YOUR" refer to Summit to Sea, LLC and its officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

### Examination Topics

1. YOUR business relationship with PECHENICK.
2. YOUR business relationship with HDI.
3. All agreements or contracts between YOU and PECHENICK.
4. All agreements or contracts between YOU and HDI.
5. YOUR hyperbaric chamber products and accessories.
6. Clearance by the Food and Drug Administration of YOUR hyperbaric chamber products and accessories.
7. The advertising and marketing of YOUR hyperbaric chamber products and accessories.
8. All communications with PECHENICK and/or HDI related to or concerning advertising, marketing and sales of YOUR hyperbaric chambers and accessories.

# ATTACHMENT 2 TO SUBPOENA
# DOCUMENTS AND THINGS TO BE PRODUCED
## Definitions

A. "HDI" refers to defendant California Realty Partners, Inc. d/b/a Healing Dives, Inc. and its officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

B. "PECHENICK" refers to defendant Diane Pechenick and any of her employees, agents, attorneys, accountants, investigators, consultants, or anyone else acting on her behalf.

C. "YOU" and "YOUR" refers to Summit to Sea, LLC and its officers, directors, managers, agents, consultants, contractors, employees, attorneys, predecessors, successors, parents, subsidiaries, divisions, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

D. The term "DOCUMENT" is to be construed broadly and is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). "DOCUMENT" includes all written or recorded materials of any nature whatsoever, and further encompasses all things and matters included, defined, or listed in Federal Rule of Civil Procedure and/or Federal Rule of Evidence 1001. "DOCUMENTS" also includes, but is not limited to, all originals, non-identical copies and drafts, however produced or reproduced, whether sent, received or neither, of any of the following items: papers, letters, objects, tangible things, correspondence, memoranda, records, statements, reports or recordings of telephone or other conversations, summaries of conversations or interviews, minutes or records of meetings or conferences, opinions or reports of consultants, projections, summaries, statistical statements, account statements, financial statements, manuals, contracts, agreements, confirmations, telegrams,

telexes, books, notes, notations, reports, logs, analyses, ledgers, checks, print-outs, telephone records, diaries, calendars, tape or video or other recordings, videotapes, charts, photographs, phonographs, notebooks, drawings, plans, electronic mail (e-mail), computer disks, computer tapes, computer programs, electronic storage systems and any other data compilations from which information may be obtained in any way. "DOCUMENT" also means an authentic copy where the original is not in YOUR possession, custody or control, and every non-identical draft and/or copy of any DOCUMENTS.

E.  "COMMUNICATION" shall mean and refer to the exchange of information by any means, including, without limitation, telephone, telecopy, facsimile, e-mail, or other electronic medium, letter, memorandum, notes or other writing method, meeting, discussion, conversation, or other form of verbal communication.

F.  "PERSON(S)" shall mean and refer to any natural PERSON, individual, corporation, proprietorship, partnership, association, joint venture, trust, company, firm or other form of legal entity, organization or arrangement.

G.  "CONCERNING" means relating to, referring to, describing, evidencing, comprising, constituting, supporting, or tending to undercut.

### Instructions

1.  If any DOCUMENT requested was at one time in existence and under YOUR possession, custody or control, but has been lost, discarded, destroyed or otherwise removed from YOUR possession, custody or control, provide with respect to each DOCUMENT a description of the DOCUMENT and the date it was lost, discarded, destroyed or removed.

2.  If YOU withhold under a claim of privilege (including attorney work product) any DOCUMENT covered by these requests, furnish a list specifying: (a) the nature of the privilege claimed, (b) the author of the DOCUMENT, (c) all PERSONS who received copies of the DOCUMENT, (d) the date of the

DOCUMENT, (e) the type of DOCUMENT (e.g., letter, email, memorandum, report, etc.), and (f) the general subject matter of the DOCUMENT sufficient to enable other parties to assess the applicability of the privilege.

### Requests

REQUEST NO. 1:

All DOCUMENTS CONCERNING agreements or contracts with PECHENICK.

REQUEST NO. 2:

All DOCUMENTS CONCERNING agreements or contracts with HDI.

REQUEST NO. 3:

DOCUMENTS sufficient to show all sales of hyperbaric chambers and accessories made to, through or in any way connected with PECHENICK, including the chamber or accessory model, date, quantity sold, sales price, manufacturer, end customer.

REQUEST NO. 4:

DOCUMENTS sufficient to show all sales of hyperbaric chambers and accessories made to, through or in any way connected with HDI, including the chamber or accessory model, date, quantity sold, sales price, manufacturer, and end customer.

REQUEST NO. 5:

All COMMUNICATIONS with PECHENICK CONCERNING advertising, marketing and sales of YOUR hyperbaric chambers and accessories.

REQUEST NO. 6:

All COMMUNICATIONS with HDI CONCERNING advertising, marketing and sales of YOUR hyperbaric chambers and accessories.

REQUEST NO. 7:

All DOCUMENTS CONCERNING the advertising, marketing and sale of YOUR hyperbaric chambers and accessories by PECHENICK.

1  REQUEST NO. 8:
2      All DOCUMENTS CONCERNING the advertising, marketing and sale of
3  YOUR hyperbaric chambers and accessories by HDI.

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).